UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DINA SANTORA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CAPIO PARTNERS, LLC,<br><br>　　　　　　Defendant. | Case No. 1:16-cv-02788-LDH-VMS |

PLAINTIFF'S MEMORANDUM OF LAW
IN OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT

Plaintiff Dina Santora ("Ms. Santora") respectfully submits this Memorandum of Law in opposition to the motion for judgment on the pleadings pursuant to Rule 12(c) (the "Motion") filed by defendant Capio Partners, LLC ("Defendant").

PRELIMINARY STATEMENT

By way of the Motion, Defendant seeks to dismiss Ms. Santora's complaint summarily for failure to state a claim. As set forth in detail below, there is no basis for the Motion and Defendant is not entitled to the relief it is seeking.

STATEMENT OF FACTS

On June 1, 2016, Ms. Santora filed a complaint (the "Complaint") against Defendant setting forth one count alleging abusive, deceptive, misleading, and

unfair debt collection practices in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* (the "FDCPA"). Defendant's violations stem from an initial collection letter dated February 22, 2016 sent to Ms. Santora (the "Collection Letter"). While a portion of the Collection Letter may mirror the statutory language notifying Ms. Santora, the consumer, of her right to validate the debt in question within a specific amount of time, it is of no consequence because the Collection Letter also contained at the forefront language demanding settlement from Ms. Santora before the expiration of the validation period set forth by section 1692g(a). When scrutinized under the least sophisticated standard, the settlement offer overshadows and is inconsistent with the validation notice because in essence it requires that Ms. Santora waive her statutory validation rights or pay 50% more than she would have if she had not waived her rights by validating the debt. Ms. Santora's right to dispute the debt would cease Defendant's further collection efforts. Thus, Defendant's settlement offer renders the validation notice ineffective. For reasons further specified below, this is an unfair debt collection practice.

## **STANDARD OF REVIEW**

In ruling on a Rule 12(c) motion, "the Court must accept as true all of the non-movant's well pleaded factual allegations, and draw all reasonable inferences in favor of the non-movant." *Mennella v. Office of Court Admin.*, 938 F. Supp.

2

128, 131 (E.D.N.Y. 1996), *aff'd*, 164 F.3d 618 (2d Cir. 1998). In the interest of due process, courts sparingly grant such motions, limiting relief to circumstances "where material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings." *Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 642 (2d Cir. 1988).

It is the movant's burden "to show the absence of any material issue appearing genuinely to be in dispute." *Falls Riverway Realty, Inc. v. City of Niagara Falls, N.Y.*, 754 F.2d 49, 54 (2d Cir. 1985) (citing *Adickes v. S.H. Kress Co.*, 398 U.S. 144, 157 (1970)). A court should not dismiss a complaint pursuant to a Rule 12(c) motion "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (discussing Rule 12(b)(6)); *George C. Frey Ready-Mixed Concrete, Inc. v. Pine Hill Concrete Mix Corp.*, 554 F.2d 551, 553 (2d Cir. 1977) (applying *Conley* standard to Rule 12(c)). The court is "not bound to accept as true legal conclusions couched as factual allegations." *LaFaro v. N.Y. Cardiothoracic Grp., PLLC*, 570 F.3d 471, 476-477 (2d Cir. 2009). Accordingly, "[t]o survive a Rule 12(c) motion, the complaint must contain sufficient factual matter to 'state a claim to relief that is plausible on its face.'" *Graziano v. Pataki*, 689 F.3d 110, 114 (2d Cir. 2012) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## **LEGAL ARGUMENT**

**I.    THE COMPLAINT SETS FORTH A PLAUSIBLE CAUSE OF ACTION FOR VIOLATIONS OF FDCPA THAT CANNOT BE DISPOSED SUMMARILY**

The FDCPA was enacted to eliminate abusive debt collection practices by debt collectors. 15 U.S.C. § 1692e. It is designed to protect consumers from unscrupulous collectors, whether or not there is a valid debt. *Forman v. Academy Collection Serv., Inc.*, 388 F. Supp. 2d 199, 202 (S.D.N.Y. 2005); *Friedman v. Sharinn & Lipshie, P.C.*, 2013 U.S. Dist. LEXIS 64541, 2013 WL 1873302, *8 (E.D.N.Y. Mar. 28, 2013); *Baker v. G.C. Services Corp.,* 677 F.2d 775, 777 (9th Cir. 1982); *McCartney v. First City Bank,* 970 F.2d 45, 47 (5th Cir. 1992).

The FDCPA broadly prohibits abusive conduct of debt collectors. *Spira v. I.C. Sys.*, 2006 U.S. Dist. LEXIS 72640, 2006 WL 2862493 (E.D.N.Y. Oct. 5, 2006). It is a remedial statute in nature and must be construed in a liberal fashion by the courts if the underlying Congressional purpose is to be effectuated. *Vincent v. The Money Store*, 736 F.3d 88, 98 (2d Cir. 2013) (quoting *N.C. Freed Co. v. Bd. of Governors of Fed. Reserve Sys.*, 473 F.2d 1210, 1214 (2d Cir.1973)); *see also Pipiles v. Credit Bureau of Lockport, Inc.*, 886 F.2d 22, 27 (2d Cir. 1989).

Section 1692e of the FDCPA alone contains 16 subsections that set forth a non-exhaustive list of practices that fall within the prohibitions imposed upon debt collectors. 15 U.S.C. § 1692e. While the FDCPA forbids a variety of conduct, the

4

substantive heart of the FDCPA lies in three broad prohibitions.  First, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." § 1692d.  Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." § 1692e.  Third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." § 1692f.

In the Motion, Defendant argues that Ms. Santora has not stated a cause of action under the FDCPA.  There is nothing further from the truth for several reasons.  First, the Complaint specifically sets forth that Defendant commenced collection efforts on a financial obligation that was primarily for personal, family or household purposes.  Second, Defendant knows full well that it made the initial contact with Ms. Santora that must contain an effective, clear, unobscured and nonthreatening validation notice in order to comply with the FDCPA.  Lastly, Defendant violated the FDCPA because the settlement offer contained in the Collection Letter overshadows and obscures the mandatory validation notice required by section 1692g(a), thereby rendering the notice ineffective and impinging upon Ms. Santora's right to dispute the debt.  As explained below, Ms. Santora does have a valid and plausible cause of action against the Defendant for violations of the FDCPA.

5

Under the FDCPA, an initial communication between the debt collector and the consumer is *critical*. In the initial communication, the debt collector must set forth the validation requirements delineated in section 1692g(a). The relevant portion of that subsection reads as follows:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, *unless the following information is contained in the initial communication* or the consumer has paid the debt, send the consumer a written notice containing —
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different form the current creditor.

15 U.S.C. § 1692g(a) (emphasis added).

It is not enough for the debt collector to simply include the required debt validation notice in an initial communication to the consumer. *Russell v. Equifax A.R.S.*, 74 F.3d 30, 35 (2d Cir. 1996). The validation notice required by Congress must be *effectively* and *clearly* conveyed to the debtor and it must be large enough to be easily read with sufficient prominence to be noticed even by the least sophisticated debtor. *Swanson v. Southern Or. Credit Serv., Inc.*, 869 F.2d 1222, 1225 (9th Cir. 1988); *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 90 (2d Cir. 2008) (emphasis added). Furthermore, to be effective, the notice must not be overshadowed or contradicted by other messages or notices appearing in the initial communication. *Swanson*, 869 F.2d at 1225. And nothing can impede, overshadow, obscure or contradict the consumer's right to validate the debt or contain any other language such that the least sophisticated consumer becomes "uncertain as to her rights." *Russell*, 74 F.3d at 34-35.

"The question of whether a debt collector's action violates the FDCPA is determined objectively from the viewpoint of the 'least sophisticated consumer.'" *Herzlinger v. Nichter*, No. 7:09-CV-00192, 2011 U.S. Dist. LEXIS 42133, 2011 WL 1434609, at *4 (S.D.N.Y. Feb. 9, 2011) (quoting *Savino v. Computer Credit, Inc.*, 164 F.3d 81, 85 (2d Cir. 1998)); see also *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993) (in determining whether a practice violates the FDCPA, "[t]he most widely accepted test . . . is an objective standard

7

based on the 'least sophisticated consumer.'  This standard has been widely adopted by district courts in [the Second] [C]ircuit.").  The underlying purpose of this standard "serves [a] dual purpose: it (1) ensures the protection of all consumers, even the naïve and trusting, against deceptive debt collection practices, and (2) protects debt collectors against liability for bizarre or idiosyncratic interpretations of collection notices." *Clomon*, 988 F.2d at 1320.

In this case, Defendant failed to meet its burden of demonstrating that no claim has been presented by Ms. Santora.  Viewing the allegations asserted in the Complaint as true and in a light most favorable to Ms. Santora, the Complaint meets all of the requisite criteria to state a claim under the FDCPA.  Defendant's conduct falls squarely within the realm of conduct the FDCPA sought to protect consumers from, i.e. obscuring and overshadowing language that would dwarf the least sophisticated consumer's statutory right to dispute the debt.  When viewing facts in a light most favorable to Ms. Santora, the non-moving party, she suffered a harm as a result of Defendant's conduct that violated the FDCPA.  Accordingly, Ms. Santora has stated a claim upon which relief can be granted and the Motion is inappropriate under the circumstances.  The Motion should be denied in its entirety.

> **II.    THE MOTION SHOULD BE DENIED AS DEFENDANT VIOLATED THE FDCPA**

To establish a violation of the FDCPA, a plaintiff must show that (1) she is a "consumer" within the meaning of 15 U.S.C. § 1692a(3); (2) the debt arises out of a transaction entered into primarily for personal, family, or household purposes, per 15 U.S.C. § 1692a(6); (3) defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6); and (4) defendant, through its acts or omissions, violated a provision of the FDCPA. There is no dispute that Ms. Santora is a consumer, the nature of the debt qualifies under the FDCPA, and Defendant is a debt collector under the FDCPA. Thus, to prevail, Plaintiff need only show that Defendant violated any provision of the FDCPA.

Here, when viewing the facts in the light most favorable to Ms. Santora, the non-moving party, the Complaint sets forth ample facts to state claims for various violations of the FDCPA, as follows:

**(a)** **<u>Claim For Violation Of Section 1692d</u>**

Pursuant to section 1692d, a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. 15 U.S.C. § 1692d. The Eastern District held that the list if specified violation in that section is not exhaustive and it is not intended to limit the general application of the provision's sweeping prohibition of conduct 'the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. *Bank v. Pentagroup Fin.,*

9

*L.L.C.,* No. 08-CV-5293, 2009 U.S. Dist. LEXIS 47985, 2009 WL 1606420, at *5 (E.D.N.Y. June 9, 2009) (quoting 15 U.S.C. § 1692d); *see also Morant v. Miracle Fin., Inc.*, 2012 U.S. Dist. LEXIS 133335, 2012 WL 4174893, at * 5 (E.D.N.Y. Sept. 17, 2012)

There is nothing benign about the Collection Letter. Viewed in light of a least sophisticated consumer, there is a clear intent of forcing a payment before the expiration of the validation period and to draw Ms. Santora's attention away from her statutory right to validate the debt.

(b)     **Claim For Violations Of Sections 1692e, 1692e(5) and 1692e(10)**

Section 1692e broadly prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The section also provides a non-exhaustive list of sixteen practices including a prohibition on "false representation of the character, amount, or legal status of any debt" and "use of any false representation or deceptive means to collect or attempt to collect any debt." 15 U.S.C. §§ 1692e(2)(A), 1692e(10)). By ensuring truthful disclosure in communications with consumers, the FDCPA enables the consumer "to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process." *Tourgeman v. Collins Fin. Servs.*, 755 F.3d 1109, 1122 (9th Cir. 2014).

10

Section 1692e, too, is evaluated from the perspective of the least sophisticated consumer. *See, e.g., Bentley*, 6 F.3d at 62; *Clomon*, 988 F.2d at 1318. The Second Circuit has noted "the broad sweep of this provision," stating that "it should be emphasized that the use of *any* false, deceptive, or misleading representation in a collection letter violates § 1692e—regardless of whether the representation in question violates a particular subsection of that provision." *Clomon*, 988 F.2d at 1320 (emphasis added). The Second Circuit has held that, typically, a debt collection letter "is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate." *Russell*, 74 F.3d at 35 (citing *Clomon*, 988 F.2d at 1319).

Here, Defendant's Collection Letter is ineffective in conveying the validation notice. Defendant violated section 1692e of the FDCPA and prevented Ms. Santora from fully and meaningfully participating in the debt collection process to Ms. Santora's detriment and infringement of her statutory right. Defendant's conduct also falls squarely under section 1692e(10), wherein Defendant used a deceptive means in an attempt to collect the alleged debt from Ms. Santora.

    **(c)**    **Claim For Violation Of Section 1692f**

In accordance with section 1692f, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

Although section 1692f is made up of eight subsections that identify specific practices that violate the section, "conduct that may be deemed "unfair and unconscionable' is not limited to the acts enumerated in subsections (1) through (8)." *Foti v. NCO Fin. Sys., Inc.*, 424 F. Supp. 2d 643, 667 (S.D.N.Y. 2006); *Oscar v. Prof'l Claims Bureau, Inc.*, 2012 U.S. Dist. LEXIS 86489, 2012 WL 2367128, at *14 (E.D.N.Y. June 1, 2012). In the instant case, it is certainly unfair and unconscionable for Defendant to force Ms. Santora to take the settlement offer before the expiration of the validation period, which could reasonably be construed as an impediment to Ms. Santora's right to validate the debt.

## CONCLUSION

For the reasons set forth above, Defendant's Motion should be denied in its entirety. There is simply no basis for the Motion. Ms. Santora clearly asserted valid and plausible claims in the Complaint upon which relief can be granted.

**RC Law Group, PLLC**
*Attorneys for Plaintiff*

Dated: November 8, 2016

By: */s/ Daniel Kohn*
285 Passaic Street
Hackensack, New Jersey 07601
Phone (201) 282-6500
Fax (201) 282-6501
Email:dkohn@rclawgroup.com

12

**CERTIFICATE OF SERVICE**

I hereby certify that on November 8, 2016, I electronically filed the foregoing with the Clerk of Court, as well as on counsel of record for the Defendant, using the CM/ECF system.

By: /s/ *Daniel Kohn*
    Daniel Kohn

**CERTIFICATE OF SERVICE**

I hereby certify that on November 8, 2016, I electronically filed the foregoing with the Clerk of Court, as well as on counsel of record for the Defendant, using the CM/ECF system.

By: /s/ *Daniel Kohn*
    Daniel Kohn