UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

DINA SANTORA

                     Plaintiff,

            -against-

CAPIO PARTNERS, LLC

                   Defendant.

-----------------------------------------------------------------x

**MEMORANDUM OF
<u>DECISION AND ORDER</u>**

16-CV-02788 (LDH) (VMS)

LASHANN DEARCY HALL, United States District Judge:

      Plaintiff Dina Santora brings the instant action against Defendant Capio Partners, LLC,

alleging violations of the Fair Debt Collection Practices Act ("FDCPA").  Defendant moves

pursuant to Federal Rule of Civil Procedure 12(c) for judgment on the pleadings.

## BACKGROUND

      Defendant, a provider of debt collection services, was engaged to collect a debt of

$3,190.95 that Plaintiff allegedly owed to another party.  (Compl. ¶¶ 3, 8, ECF No. 1; Pl.'s Pre-

Mot. Letter Ex. A ("Pl.'s Ex. A"), ECF No. 14-1.)  On or about February 22, 2016, Defendant

sent Plaintiff an initial collection letter (the "Collection Letter").  (Pl.'s Ex. A.)  Plaintiff states

that the Collection Letter contained the language required under 15 U.S.C. § 1692g, which

provides a consumer with notice of her thirty-day period to exercise her validation and

verification rights.  (Compl. ¶ 13.)  Plaintiff further alleges, however, that these rights were

overshadowed by a fifteen-day settlement offer included in the Collection Letter:

1

NOTICE OF DEBT – SETTLEMENT OFFER

…

We are reasonable people to deal with and we know that times are tough. Are you expecting a tax refund this year? If so, take this opportunity to resolve your accounts with a one-time payment of $1,595.48 which is a 50% discount off of the balance.

The offer will expire 03/07/2016.

This settlement offer and the deadline for accepting it do not in any way affect your right to dispute this debt and request validation of this debt during the 30 days following your receipt of this letter as described on the reverse side. If you do not accept this settlement offer, you are not giving up any of your rights regarding this debt.

…

SEE REVERSE SIDE FOR IMPORTANT CONSUMER INFORMATION.

(Pl.'s Ex. A.)  Plaintiff contends that this letter is deceptive and overshadowing.  (Compl. ¶ 15.)

Plaintiff contends that Defendant's conduct violated numerous sections of the FDCPA, including

but not limited to 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, 1692f(1), and

1692g.  (*Id.* ¶ 18.)

## STANDARD OF REVIEW

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure

12(c) is reviewed under the same standard as a motion to dismiss under Rule 12(b)(6).  *Bank of*

*New York v. First Millennium*, 607 F.3d 905, 922 (2d Cir. 2010) (citing *Sheppard v. Beerman*, 18

F.3d 147, 150 (2d Cir. 1994)) ("The same standard applicable to Fed. R. Civ. P. 12(b)(6) motions

to dismiss applies to Fed. R. Civ. P. 12(c) motions for judgment on the pleadings.").  To

withstand a motion to dismiss, a "complaint must contain sufficient factual matter, accepted as

true, to 'state a claim for relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009) (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S.

at 556).  As with a motion to dismiss under Rule 12(b)(6), a motion for judgment on the

pleadings pursuant to Rule 12(c) "must be decided solely on the pleadings before the court, in

addition to any materials implicitly or explicitly incorporated by reference into those pleadings."

*U.S. v. Certain Real Property and Premises Known as 44 Autumn Ave., Brooklyn, N.Y.*, 156

F.R.D. 26, 30 (E.D.N.Y. 1994).  Because the complaint explicitly refers to the Collection Letter,

the Court may consider it in deciding this motion.

## DISCUSSION

### I.    FDCPA Claims Based on Overshadowing

Section 1692g of the FDCPA provides that a consumer has thirty days to dispute the

validity of a debt after receiving written notice.  *See* 15 U.S.C. § 1692g(a)(3).  Any collection

activities and communication during this thirty-day period "may not overshadow or be

inconsistent with the disclosure of the consumer's right to dispute the debt or request the name

and address of the original creditor."  *Id.* § 1692g(b).

A complaint alleging a violation of § 1692g for being overshadowing or contradictory

"may survive a motion to dismiss if (1) the plaintiff pleads a contradiction between the demand

language and the validation language, and (2) it is possible that the plaintiff could prove that the

contradiction would mislead the least sophisticated consumer into disregarding his or her rights

under the validation notice."  *Harrison v. NBD, Inc.*, 968 F. Supp. 837, 846 (E.D.N.Y. 1997)

(quoting *Beeman v. Lacy, Katzen, Ryen & Mittleman*, 892 F. Supp. 405, 412 (N.D.N.Y. 1995)).

Although courts are to analyze collection letters from the perspective of the "least sophisticated

consumer," they must also be reasonable in their application of the standard and assume that

even the least sophisticated consumer can read a collection letter with some care.  *Greco v.*

*Trauner, Cohen & Thomas, L.L.P.*, 412 F.3d 360, 363 (2d Cir. 2005) (quoting *Clomon v.*

*Jackson*, 988 F.2d 1314, 1318-19 (2d Cir. 1993) (analyzing least sophisticated consumer standard).  Such an approach protects the naïve from abusive practices while also shielding debt collectors from "bizarre or idiosyncratic interpretations of debt collection letters."  *See id.*

Courts in this district have repeatedly held that a settlement offer contained in a debt collector's initial communication with a debtor does not, by itself, overshadow or contradict a validation notice in the same communication.  *Harrison*, 968 F. Supp. at 848 (finding that an overshadowing allegation "premised solely upon [an] offer of a special discount if the debt [was] paid within the 30-day validation period . . . [was] insufficient to state a claim upon which relief can be granted"); *Omogbeme v. Risk Mgmt. Alts., Inc.*, No. 01-cv-7293 (SJ), 2003 WL 21909773, at * 3 (E.D.N.Y. Aug. 4, 2003) (finding no overshadowing where a settlement offer was located on the front side of an initial collection letter and the validation notice was on the back); *Soffer v. Nationwide Recovery Systems, Inc.*, No. 06-cv-435, 2007 WL 1175073, at *3-4 (E.D.N.Y. Apr. 19, 2007) (citing *Harrison* and *Omogbeme* and rejecting plaintiff's argument that "the settlement offer included in the initial communication overshadows or contradicts the statutorily required validation notice"); *Stark v. RJM Acquisitions LLC*, No. 08-cv-2309, 2009 WL 605811, at *5 (E.D.N.Y. Mar. 9, 2009) (finding, on summary judgment, that "no reasonable juror could find that the settlement offers overshadow the validation notice on the back of the collection letter").  The Court agrees with that determination.

Here, the Collection Letter explicitly states that "[t]his settlement offer and the deadline for accepting it do not in any way affect your right to dispute this debt and request validation of this debt during the 30 days following your receipt of the letter as described on the reverse side." (Pl.'s Ex. A.)  Defendant's settlement offer did not demand payment, but rather "extended an incentive for [a] debtor[] to pay [her] account."  *Harrison*, 968 F. Supp. at 848.  If Plaintiff chose

4

to reject Defendant's offer, "at worst, she . . . would be liable for the original amount of the debt." *Id.*  Additionally, below the settlement offer, the Collection Letter states "SEE REVERSE SIDE FOR IMPORTANT CONSUMER INFORMATION," and Plaintiff admits that the Collection Letter contained all of the validation rights language required by § 1692g.  (*Id.*; Compl. ¶ 13.)  Even the least sophisticated consumer would not read the settlement offer and validation language so carelessly or idiosyncratically as to be misled into disregarding her validation rights.  *See Greco*, 412 F.3d at 363 ("[E]ven the least sophisticated consumer can be presumed to possess . . . a willingness to read a collection notice with some care.")  Rather, the pleadings and relevant exhibits demonstrate that Plaintiff was fully informed of her validation rights, and nothing on the face of the letter should be deemed contradictory or misleading.  Accordingly, Plaintiff's overshadowing claim is dismissed.

## II.    Other FDCPA Claims

In addition to her § 1692g overshadowing claim, Plaintiff alleges that Defendant violated various other provisions of the FDCPA, "including but not limited to" §§ 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, and 1692f(1).  Plaintiff only provides the bald allegation that Defendant violated these sections of the FDCPA without proffering any facts that would allow the Court to reasonably discern what the allegedly violative conduct was.  (Compl. ¶ 18.)  Accordingly, the balance of Plaintiff's FDCPA claims must be dismissed.  *See Moore v. Diversified Collection Servs., Inc.*, No. 07-cv-0397 (ENV) (VVP), 2009 WL 1873654, at *3 (E.D.N.Y. June 29, 2009) (finding that plaintiff's "bald allegations that [defendant] engaged in harassing and oppressive behavior . . . is entirely conclusory and is not borne out of any factual assertion in the complaint" and "must be dismissed").

**CONCLUSION**

For the foregoing reasons, Defendant's motion for judgment on the pleadings is

GRANTED.  The Clerk of the Court is respectfully requested to close the case.


SO ORDERED:

_____/s/LDH_____
LaSHANN DeARCY HALL
United States District Judge


Dated:  Brooklyn, New York
        September 28, 2017

6